## SMITH v. STATE BOARD OF LAW EXAMINERS.

Circuit Court, Leon County.

July 15, 1955.

Nicholas A. Caputo, Daytona Beach, for petitioner.

Richard W. Ervin, Attorney General, and Ralph M. McLane, Assistant Attorney General, for respondents.

W. MAY WALKER, Circuit Judge.

Petitioner alleges and contends, in effect, that he has met and complied with all the requirements and qualifications for admission to practice law in the courts of this state under the "diploma privilege" agreeable to section 454.031(3), Florida Statutes 1953, and has instituted this action to coerce the respondents to admit him accordingly.

Respondents assert as a basis for denying the petitioner the "diploma privilege" that the language of the statute requiring such an applicant for admission to have been ". . . enrolled on or before the 25th day of July, 1951, as a student . . ." should be construed to mean that the petitioner must not only have been enrolled but also must have been attending classes on or before July 21, 1951.

The case is before the court on final hearing, and if the respondents' contention is correct, subject to their further contention that mandamus is not the appropriate remedy, the alternative writ previously issued herein should be quashed and the case dismissed. If the petitioner's contention is correct, a peremptory writ should be issued.

The court has carefully examined the record in the case and is convinced that the word "enrolled" employed in the proviso was used in the customary, usual and ordinary sense and that no other meaning should be added or ingrafted by the court.

The legislature in all its wisdom did not appreciate the necessity for adding the requirement for attending classes or being "engaged" as a student. The requirement of the legislature is that the applicant at the stated time be "enrolled". To fasten upon the word "enrolled" the limited and restricted meaning contended for would require a distortion of the meaning of a very simple word.

Moreover, to interpret the word differently and contrary to its plain, usual and ordinary meaning so as to include the other elements contended for by respondents would, in effect, constitute imposing upon the applicant additional and foreign prerequisites for the enjoyment of the "diploma privilege" not contemplated by the legislature and contrary to the plain and unambiguous language of the statute.

Hence, the court is convinced that there is no legal justification or excuse shown for denying the petitioner's application, that the

proceeding of mandamus is proper, and, therefore, an appropriate peremptory writ should now issue herein. It is so ordered.