PER CURIAM.
The Petitioner, Placido Lebrón, Jr., has petitioned us for issuance of a certificate to practice law in Florida. Petitioner alleges that he “ * * * enrolled in the University of Florida Law School prior to July 12, 1951 and was issued an Advance Standing Admission Certificate to said law school on July 12, 1951, a copy of which certificate is attached hereto marked Exhibit ‘A’ and made a part hereof by reference.
“That the petitioner entered the University of Florida Undergraduate School in September, 1947 as a pre-law student and was graduated from the University of Florida Undergraduate School on June 11, 1951 receiving a degree of Bachelor of Science in Business Administration, his major being Accounting. Prior to his graduation from an undergraduate school, in the spring of 1951, the petitioner contacted the University of Florida College of Law for advice and counsel, concerning law studies and made application to the University of Florida College of Law for admission to that school. In 1951 there was a law school summer session which commenced on June 18, and another which commenced on July 30. Petitioner intended to begin his law studies in the summer session commencing on June 18, 1951. On making applica *545 tion for admission to the law school, petitioner was advised by Henry A. Fenn, the Dean of the law school, and by Robert Mautz, Assistant Dean and Professor of Law of the University of Florida College of Law not to commence law school in the summer, but to await the fall term for commencement of actual classes in the law school. One of the reasons given for commencing the study of law in the fall rather than the summer was that most of the freshman courses would not be afforded during the summer session but would be offered to beginners in the fall semester. Acting upon the advice of the Dean and of the Assistant Dean, the petitioner applied for admission to the fall term of 1951 of the University of Florida College of Law as a beginning freshman and received his Advance Standing Admission Certificate on July 12, 1951 and was, therefore, enrolled in the University of Florida Law School on or before July 12, 1951.
“Petitioner completed the course of study at the University of Florida Law School in the normal time and was graduated from the University of Florida Law School with the degree of Bachelor of Laws on June 7, 1954. Certificate of R. H. Whitehead, Registrar of the University of Florida is attached hereto marked Exhibit ‘B’ and made a part hereof by reference which certificate attests to the graduation of petitioner from undergraduate school and the date thereof to his graduation from law school and the date thereof and to the fact that he was declared eligible for admission -pn July 12, 1951.
VI
“That Petitioner is entitled to the admission to the practice of law without standing for or passing an examination as to legal attainments under and by virtue of Section 454.03, Florida Statutes (1953), and by virtue of Section 454.031(3), Florida Statutes (as amended 1951).[1]
VII
“This Court is empowered by law to admit petitioner to the practice of law under provisions of Section 454.03 and Section 454.031(3), Florida Statutes (1951), and pursuant to authority of that case entitled Bennett, Petition of, Fla., 168 So.2d 318. * * *»
The Florida Board of Bar Examiners opposes the issuance of the certificate to practice to Petitioner, contending the Petitioner physically was not “enrolled” within the meaning of § 454.031, F.S., on or before July 25, 1951, as required by the statute.
The facts and issues involved in respect to this application are essentially the same as those in the Petition of Bennett (Fla.), 168 So.2d 318. The dissenting opinion of Mr. Justice Thornal in the latter will indicate the similarity of situations.
It is our view that in the period of transition from the diploma privilege to that of Bar examination no harsh application of the statute is warranted precluding operation of the diploma privilege in favor of those law students who had satisfied prior requirements for admission to enter a law school and had been issued an admission certificate thereto prior to the statutory deadline. Furthermore, in this matter it is not refuted that the Petitioner intended to and would have entered the Summer Session of the College of Law of the University of Florida prior to July 25, 1951 had he not been dissuaded by the advice and recommendation of the Dean and Assistant Dean of the Law School to enter the Fall Session of the School instead. While fully recognizing the worthy purpose and intent of the statute abolishing the diploma privilege, a harsh and inequitable application of its cut-off provisions should not be meted to those who in the very nature of the situation created by the enactment would be expected in the transition period to take final advantage of the diploma privilege and were *546 eligible to do so and who in good faith sought to do so but did not for some bona fide excusable reason.
It is ordered that the application of Petitioner, Placido Lebrón, Jr., be granted and that he be issued a certificate to practice law in the State of Florida by the Florida Board of Bar Examiners, if said Board finds after inquiry that Petitioner meets the required standards as to moral character and fitness to practice law in this state.
THOMAS, ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.
THORNAL, C. J., dissents with Opinion.
O’CONNELL, J., dissents.

. Sections 454.03 and 454.031(3), F.S., have been repealed.