PER CURIAM.
A petition for rehearing has been filed in this cause by the Florida Board of Bar Examiners, directed to the opinion herein filed February 23, 1966, 183 So.2d 544, ordering that the application of the petitioner, Placi-do Lebrón, Jr., be granted and that he be issued a certificate to practice law in the State of Florida by the Florida Boand of Bar Examiners if said Board finds after inquiry that petitioner meets the standards as to moral character and fitness to practice law in this State.
The petition for rehearing alleges that the applicant’s petition having been granted, holding that he is entitled to be admitted to The Florida Bar under the diploma privilege, that neither the Board’s rules nor the opinion of this Court covers certain procedural matters inherent in further processing the application under the peculiar circumstances existing and requests of this Court guidance concerning its further actions and proceedings herein and specifically asks the following questions:
“1. May the Florida Board of Bar Examiners require the applicant to submit a new application?
“2. May the Florida Board of Bar Examiners require of the applicant the deposit of a fee not to exceed $250.00 (Two Hundred Fifty Dollars), to be used to bring to date the investigation as to character and fitness of the applicant since 1961; the unused portion thereof to be refunded to the applicant. Section 60, Rule V, Rules and Regulations of The Florida Board of Bar Examiners provides:
“ ‘Upon a showing of need therefor by the Board, the Court may order any applicant for admission to the examination or any applicant for registration to pay over to the Board additional sums necessary in the conduct of any inquiry and investigation into the character, fitness and general qualifications of such applicant.’ ”
More than eleven years have elapsed since the petitioner received his Bachelor of Laws degree from the John B. Stetson College of Law, during which' time the applicant has not engaged in the practice of law nor is the Board familiar with his activities since the filing of the last application in 1961.
It is thereupon ordered that Question No. 1 be answered in the affirmative, and that the Florida Board of Bar Examiners may require the applicant to submit a new application for admission and answer all questions therein insofar as they may be applicable to the circumstances revealed by the record in this proceeding.
It is further ordered that the Florida Board of Bar Examiners may require of the applicant at or prior to the time of the filing of his application a deposit of $250.00 to defray the expenses of conducting to conclusion an investigation as to the applicant’s character and fitness since 1961. *466 Any sums remaining in the hands of the Board after such examination shall be refunded to the applicant.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.