186 So.2d 496 (1966)
Petition of Blas Manuel ROCAFORT, III, for Admission to the Florida Bar.
No. 35030.
Supreme Court of Florida.
May 4, 1966.
Louis A. Sabatino, Miami, for petitioner.
Ernest W. Welch, Panama City, Chairman, and A. Dallas Albritton, Jr., Tampa, for Florida Board of Bar Examiners, respondent.
PER CURIAM.
We have for review a petition for admission to the Florida Bar of Blas Manuel Rocafort, III.
Petitioner alleges that while he was in Florida as an alien from Cuba he successfully completed prescribed pre-law and law studies at the University of Miami, Coral Gables, Florida, and was graduated therefrom on February 1, 1939 with the degree of Bachelor of Laws, LLB; that subsequent to graduation he followed an apprenticeship in a law office in Dade County, Florida then returned to Cuba; that several years thereafter he returned to the United States and on October 15, 1965 was admitted to United States citizenship by naturalization in the United States District Court in and for the Southern District of Florida; and that on January 14, 1966 the Florida Board of Bar Examiners refused Petitioner admission to the Florida Bar under the diploma privilege.
In response to the petition the Florida Board of Bar Examiners alleges that at the time Petitioner was graduated from law school the so-called "diploma privilege" was in existence pursuant to which a graduate of a law school in Florida might be admitted to the Bar without examination if he met certain other qualifications (citing § *497 3, Ch. 10175, Laws of Florida 1925 (§ 4181, Comp.Gen.Laws 1927, et seq.)), but that the diploma privilege was later repealed (citing § 7, Ch. 29615, Laws of Florida 1955, and § 3, Ch. 29796, Laws of Florida 1955; see also §§ 1-3, Ch. 26655, Laws of Florida 1951, and repealed §§ 454.03 and 454.031(3), F.S.). The Florida Board of Bar Examiners points out Petitioner would not have been able to qualify in 1939 under the so-called "diploma privilege" by reason of his lack of citizenship; that Petitioner having been unable to qualify to practice law in Florida under laws existing in 1939, he cannot now avail himself of said laws on the ground that if they were still the law of the state he would be eligible, and that Petitioner must now comply with all the requirements of present rules relating to admission to the Florida Bar as promulgated by this Court which require that all persons seeking to practice law in the state submit to the Bar examination and to produce satisfactory evidence of his good moral character, etc.
In its brief, the Florida Board of Bar Examiners notes that Rule 14, relating to Admission of Attorneys in Florida, published by the State Board of Law Examiners, August 25, 1925 and adopted pursuant to statutes brought forward in Section 4185 of the Compiled General Laws of Florida, 1927, provided: "Only citizens of the United States will be admitted * * * to practice in Florida." This rule remained in effect for many years, up to and including 1939. At the present time Section 19 of Article III of the Rules of this Court, 31 F.S.A. relating to admissions to the Bar, adopted pursuant to the 1956 constitutional amendment revising Article V of the Constitution (see Section 23 thereof, F.S.A.) whereby this Court was given exclusive jurisdiction over admission to the practice of law in the state, provides, inter alia: "Each applicant must be a citizen of the United States and over the age of twenty-one years." The rule as changed requires that an applicant be a citizen of the United States and is not the same as the original rule which required citizenship in order to be admitted to practice law in the state.
Notwithstanding the long existence of the rule requiring citizenship as a requirement to admission to practice in Florida or later in order to apply for admission, the Supreme Court has not made citizenship a condition precedent to either enrollment in a law school in this state or graduation therefrom, nor has this Court required in any case that exercise of the "diploma privilege" or application therefor precede the repeal of the diploma privilege by the statutes of 1951 or 1955. In these repealers saving clauses were inserted protecting those who had enrolled in a law college in the state prior to July 25, 1951. However, the Florida Board of Bar Examiners contends that even these saving clauses have been abrogated by the new rules promulgated by this Court pursuant to said revision of Article V and no authority remains for anyone, despite graduation from a Florida law school while the diploma privilege statutes existed, to now exercise the "diploma privilege."
It is true the statutes according the diploma privilege have been repealed as well as the saving clauses in the repealers  in fact, all of the statutory provisions relating to admission to the Florida Bar have been repealed (see F.S. § 454.021 et seq., F.S.A.), and the Florida Supreme Court has been given exclusive power to prescribe the rules governing admission to the Bar (see § 23, Art. V, State Constitution, adopted in the constitutional amendment revision of Art. V in 1956). But since this power passed to the Court it has adopted no rules which expressly and retroactively deny admission to anyone who was graduated during the time the diploma privilege existed and who had not achieved United States citizenship prior to such repeal or transferral of authority to the Court to regulate admissions to the Bar. To the contrary, this Court has accorded admission to graduates long after such repeals and transfer of authority. See, for example, petitions of Bennett (Fla.), 168 So.2d 318, and Lebron (Fla.), *498 183 So.2d 544; 185 So.2d 464. While those cited instances do not involve after-achieved United States citizenship, they do stand for the proposition that the mere fact the diploma privilege has been abolished and new rules have been adopted governing admissions to the Bar by this Court, including the requirement of Bar examination, the latter do not have the effect of denying admission to those who were graduated from Florida law schools during the time the diploma privilege was extended but who were not admitted for some reason before such repeal and transfer of admission authority to this Court and the adoption of new admission rules. Similarly, it follows that the Petitioner, who was graduated from a Florida law school during the time and pursuant to the statutes granting the diploma privilege, should not be denied the privilege merely because he had not achieved United States citizenship prior to the abolishment of the privilege and the changing of the admission authority.
Bona fide reasons such as illness, incompleteness of character investigation, disability, non-age, lack of citizenship or military service which delayed admittance or application for admittance until after the abolition of the privilege will not operate to cut off law school graduation rights previously earned and statutorily recognized as a qualification to admission to practice. Although earned by an alien, an LLB degree from a Florida law school creates a vested interest or right therein which neither in law nor in equity can be impaired. Compare Board of Commissioners of Everglades Drainage District v. Forbes Pioneer Boat Line, 80 Fla. 252, 86 So. 199, at 202.
Accordingly, while we commend the zeal of the Florida Board of Bar Examiners in their strict adherence to the letter of the rules, it is ordered, for the reasons stated above, that the application of the Petitioner be granted and that he be issued a certificate to practice law in the State of Florida by the Florida Board of Bar Examiners, provided said Board finds after investigation that Petitioner meets the required standards as to moral character and fitness to practice law in Florida.
THORNAL, C.J., and THOMAS, CALDWELL, ERVIN and HOBSON (Retired), JJ., concur.