290 So.2d 9 (1974)
In re FLORIDA BOARD OF BAR EXAMINERS.
In re Benjamin Harris ERVIN.
No. 43595.
Supreme Court of Florida.
January 30, 1974.
Rehearing Denied March 15, 1974.
*10 Joseph C. Jacobs of Ervin, Varn, Jacobs & Odom, Tallahassee, for petitioner.
C. Graham Carothers of Ausley, Ausley, McMullen, McGehee & Carothers, Tallahassee, for The Florida Board of Bar Examiners.
PER CURIAM.
We have for review a petition for admission to The Florida Bar pursuant to the diploma privilege which was initially established in 1925.[1] By way of the diploma privilege, the Florida Legislature provided for the admittance of Florida law graduates from specified law schools to the practice of law in this State without the necessity of taking an examination as to their legal attainment.
In 1951, the diploma privilege was repealed, but with certain defined exceptions.[2] The exception now under consideration was embodied in Fla. Stat. § 454.031(3) F.S.A. (1951). It is the petitioner's position that he meets the requirements of this provision and should therefore be admitted to The Florida Bar without the necessity of successfully completing an examination.
Fla. Stat. § 454.031(3) F.S.A. (1951) provided as follows:
"No person shall be entitled to admission to practice without examination as to legal attainments; provided, that any person enrolled on or before the 25th day of July, 1951, as a student in any law school chartered by and conducted within this state or approved by the supreme court shall be entitled to admission upon presenting to the state board of law examiners satisfactory evidence of good moral character and obtaining the degree of bachelor of laws from such school within three years of the date either of his enrollment or of [the effective date of this Act], time spent in military service of the United States, an allied nation, or the United Nations not *11 to be reckoned as a part of said three years." (Emphasis added.)
This provision was repealed in 1955.[3] Petitioner, however, argues, and the Florida Board of Bar Examiners concedes, that where an applicant meets the requirements of Fla. Stat. § 454.031(3) F.S.A., the privilege may still be accorded. This has also been recognized in several cases by this Court.[4]
Turning to the requirements of the statute, it has been conceded that the petitioner obtained his degree of Bachelor of Laws within the period of three years as required by the statute. The only remaining question for our consideration is whether or not the petitioner was "enrolled on or before the 25th day of July, 1951", as a student in a law school chartered by and located within Florida or approved by this Court.
The salient facts establish that in 1950, the petitioner first decided to definitely attend law school. Accordingly, in the latter part of 1950 or early 1951, the petitioner made a firm and abiding determination to enter the summer term of law school at the University of Miami commencing June 14, 1951. In April, 1951, however, petitioner received notice that he was being recalled to active military duty and, pursuant to orders, he re-entered the military on June 5, 1951. Petitioner remained in the military until February 21, 1953, entered the University of Miami Law School at the first available time, June, 1953, and graduated on February 6, 1956.
We are mindful of the fact that the intention of the petitioner to enter law school prior to July 25, 1951 is undisputed and is supported by the sworn statement of the Honorable Claude Pepper, Mrs. Nella A. Christie, an employee of Senator Pepper, and Mrs. Marilee Mac Nichol, also an employee of Senator Pepper. But for the petitioner's recall to active military service, it therefore appears that the petitioner would unquestionably have qualified for admission pursuant to the diploma privilege.
This Court has issued certificates to practice law pursuant to the diploma privilege in several cases involving similar fact situations.[5] In so doing, we have expressed our view that during the period of transition from the diploma privilege to that of bar examination no harsh application of the statute was warranted. As we stated in Petition of Lebron:[6]
"While fully recognizing the worthy purpose and intent of the statute abolishing the diploma privilege, a harsh and inequitable application of its cut-off provisions should not be meted to those who in the very nature of the situation created by the enactment would be expected in the transition period to take final advantage of the diploma privilege and were eligible to do so and who in good faith sought to do so but did not for some bona fide excusable reason."
To deny this petitioner admittance to The Florida Bar pursuant to the diploma privilege would be to invoke a harsh and inequitable application of the cut-off provisions of Fla. Stat. § 454.031(3), contrary to our statement quoted above.
Having completely and thoroughly considered the remaining issues presented by the respondent, and having found these *12 points unconvincing and not warranting discussion, we hold that the petition for admittance to The Florida Bar should be granted.
It is so ordered.
McCAIN and DEKLE, JJ., and JOHNSON, District Court Judge, concur.
CARLTON, C.J., concurs specially.
BOYD, J., dissents with opinion.
CARLTON, Chief Justice (concurring specially):
I concur in the result reached in the majority opinion, but only upon the authority of In re Bennett's Petition, 168 So.2d 318 (Fla. 1964). Other authorities cited do not directly support the conclusion reached by the majority.
In In re Bennett's Petition, supra, this Court approved a similar petition for diploma privilege exception in a short per curiam opinion. The facts underlying that petition were recited in the dissent by Mr. Justice Thornal:
"Mr. Bennett wants to be admitted to the practice of law under the so-called `diploma privilege'. He claims that he was `enrolled' in a Florida Law College prior to July 25, 1951 when the `diploma privilege' was abolished. Chapter 26655, Section 3, Laws of Florida, 1951. It is clear that he intended to enter law school in the fall of 1951. However, it is equally clear to me that he was not `enrolled' prior to the critical date. I sympathize with the applicant. However, over ten years have elapsed since he graduated from law school. He has actually taken the Bar Examination twice. Both times he failed. So far as I know, Mr. Bennett is a fine man. I simply feel that he should be required to pass the Bar Examination before being admitted to practice law. The Board of Bar Examiners has so ruled. I would approve that decision. The majority holds to the contrary."
We have a similar situation before us now, and I agree with Mr. Justice Thornal's view of the matter. I see no equitable reason for loosely interpreting any exceptions to the requirement of passing the Bar Examination, particularly in the case of an applicant who graduated from law school eighteen years ago.
Nevertheless, I am of the opinion that, once the rules have been stretched to accommodate one applicant, other applicants similarly situated should be treated in like manner. I would decide this case differently if the exact same issue had not already been decided by my predecessors on this Court. Since it has been previously decided for another applicant, I feel that fundamental fairness requires that petitioner herein also be accorded the benefit of that decision.
BOYD, Justice (dissenting).
I must respectfully dissent to the majority opinion.
The petitioner alleges that he "intended" to enter law school on or before July 25, 1951. However, although he entered the University of Miami School of Law in 1953, and graduated in 1956, there is nothing in the record to indicate that he communicated in any manner with any approved law school on or before July 25, 1951. If the statute had provided for waiver of the bar examination for those who "intended" to attend, but who were precluded by such circumstances as war, the petitioner would clearly be eligible. Regrettably, the statutory provision extends the diploma privilege to those "enrolled" in law school on or before July 25, 1951, and I do not believe that I have the authority to construe the word "enrolled" to mean "`intended' to enroll", as the majority has done in this case.
*13 Since the petitioner does not qualify under the statute for admission to the bar by diploma privilege, I believe he should take and successfully complete the bar examination, in order to demonstrate his proficiency in the law, and thereby qualify for admission to the Florida Bar. He should be permitted to take the Bar examination at an early date, without further appeal to this Court.
Petitioner was delayed in his enrollment in law school by performing military service, one of the highest duties of citizenship, and is a highly respected citizen and public servant. Nevertheless, my construction of the law requires me to respectfully dissent to the majority opinion.
NOTES
[1] See Chapter 10175, Section 3, Laws of Florida 1925.
[2] See Chapter 26655, Section 3, Laws of Florida 1951.
[3] See Chapter 29796, Section 3, Laws of Florida 1955.
[4] See In re Warford, 194 So.2d 256 (Fla. 1967); Petition of Rocafort, 186 So.2d 496 (Fla. 1966); Petition of Lebron, 183 So.2d 544, modified, 185 So.2d 464 (Fla. 1966) and In re Bennett's Petition, 168 So.2d 318 (Fla. 1964).
[5] E.G., Petition of Rocafort, 186 So.2d 496 (Fla. 1966); Petition of Lebron, 183 So.2d 544, modified, 185 So.2d 464 (Fla. 1966); In re Bennett's Petition, 168 So.2d 318 (Fla. 1964); and Smith v. State Board of Law Examiners, 9 Fla. Supp. 66 (Fla. Cir. Ct. 2d, 1955), aff'd, 88 So.2d 626 (Fla. 1956).
[6] 183 So.2d 544, 545-546.