PER CURIAM.
This cause is before us for review of a petition for admission to The Florida Bar pursuant to diploma privilege. Oral argument has been requested but our review of the entire record discloses this to be unnecessary, and therefore the same is hereby dispensed with.
The Florida Legislature enacted Chapter 10175, Laws of Florida 1925, and Section 3 thereof provided the following:
“Any graduate of a law school chartered by and conducted within this state, or the law department of any chartered university of this state maintaining the course of study approved of by the Supreme Court, shall be entitled to a certificate from said board entitling him or her to practice, without further examination as to legal attainments; provided, such applicant shall produce to said board his or her diploma from such law school or university, with satisfactory evidence of good moral character, and that he or she is over the age of twenty-one years. . . . ”
Then the Florida Legislature repealed the diploma privilege which contains specified exceptions through Chapter 26655, Section 3, Laws of Florida 1951, effective May 18, 1951, which was embodied in § 454.031(3), Fla.Stat., 1951, reading as follows :
“(3) No person shall be entitled to admission to practice without examination as to legal attainments; provided, that any person enrolled on or before the 25th day of July, 1951, as a student in any law school chartered by and conducted within this state or approved by the supreme court shall be entitled to admission upon presenting to the state board of law examiners satisfactory evidence of good moral character and obtaining the degree of bachelor of laws from such school within three years of the date either of his enrollment or of [the effective day of the Act], time spent in military service of the United States, an allied nation, or the United Nations not to be reckoned as part of said three years.” (Emphasis supplied)
Petitioner maintains he met the full requirements of this subsequent Act, however, we cannot agree.
*166 Petitioner enrolled at the College of Law, University of Florida, on September 18, 1950, but withdrew on October 2, 1950. He re-enrolled for the second semester of the 1950-1951 academic term but discontinued attendance which resulted in the petitioner receiving grades of incomplete in each course during that semester.
Petitioner’s assertion for discontinuance of studies is because of the lack of finances and the necessity to work in order to maintain sustenance. He apparently worked hard, saved money and then entered the College of Law at Stetson University during January, 1957, and graduated with an LL.B. degree during May, 1959.
Thus, while petitioner fulfilled the initial exception of the Act under review, by enrolling prior to July 25, 1951, he unfortunately fails to qualify under the remaining requirements for exception.
Petitioner has cited several cases to support his position: Petition of Rocafort, Fla.1966, 186 So.2d 496; Petition of Warford, Fla.1967, 194 So.2d 256; In re Bennett’s Petition, Fla.1964, 168 So.2d 318; Petition of Lebron, Fla.1966, 183 So.2d 544, Reh. 185 So.2d 464; In re Florida Board of Bar Examiners — re: Benjamin Harris Ervin, Fla.1974, 290 So.2d 9, however, these cases are readily distinguishable and we do not deem it necessary to designate the special characteristics of distinction except as hereinafter set forth.
Obviously, petitioner is not seeking his exception due to military service, and since his alleged required necessities dictated a selection of dropping out of college in order to work (which is commendable), nevertheless it constituted a difference between selecting work rather than completing his legal education.
With an abundance of caution for the petitioner, we have given careful attentiveness to his thrust, however, we fail to find any harsh and inequitable result in our ultimate conclusion.
Accordingly, the petition seeking diploma privilege is hereby denied.
It is so ordered.
ADKINS, C. J., and ROBERTS, Mc-CAIN, OVERTON and ENGLAND, JJ., concur.